UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

In re: BRITISH AMERICAN ISLE OF
VENICE (BVI) LIMITED,

    Debtor in a Foreign Proceeding.
_____/

BRITISH AMERICAN ISLE OF
VENICE (BVI) LIMITED and
BRITISH AMERICAN INSURANCE
COMPANY LIMITED,

    Plaintiffs,

v.

ROBERT FULLERTON, BRIAN BRANKER,
RAMCHAND RAMNARINE, SHIVA
RAMBERRAN, GREEN ISLAND
HOLDINGS, LLC, and CHARLES PRATT,

    Defendants.
_____/

CASE NO. 12-81329-CIV-COHN
(ADV. CASE NO. 11-03117-BKC-EPK)

In re: BRITISH AMERICAN INSURANCE
COMPANY LIMITED,

    Debtor in a Foreign Proceeding.
_____/

BRITISH AMERICAN INSURANCE
COMPANY LIMITED,

    Plaintiff,

v.

ROBERT FULLERTON, BRIAN BRANKER,
RAMCHAND RAMNARINE, LAWRENCE
DUPREY, VISHNU RAMLOGAN, SHIVA
RAMBERRAN, GREEN ISLAND
HOLDINGS, LLC, and CHARLES PRATT,

    Defendants,

CASE NO. 12-81330-CIV-COHN
(ADV. CASE NO. 11-03118-BKC-EPK)

ROBERT FULLERTON,

    Counter-Plaintiff,

v.

BRITISH AMERICAN INSURANCE
COMPANY LIMITED,

    Counter-Defendant.
_____/

### ORDER ADOPTING BANKRUPTCY COURT'S RECOMMENDATIONS ON MOTIONS TO DISMISS

**THESE CAUSES** are before the Court upon the Bankruptcy Court's Order on Motions to Dismiss.  See Case No. 12-81329-CIV-COHN, DE 7-2; Case No. 12-81330-CIV-COHN, DE 8-2 ("Dismissal Order").  That Order sets forth the Bankruptcy Court's proposed findings of fact and conclusions of law regarding two Motions to Dismiss ("Motions") filed in these adversary cases.  See Case No. 12-81329, DE 7-3; Case No. 12-81330, DE 8-3.[1]  In both cases, the Bankruptcy Court granted Plaintiffs an extension of time to file objections to the Dismissal Order.  See Adv. Case No. 11-03117-BKC-EPK (Case No. 12-81329), DE 198; Adv. Case No. 11-03118-BKC-EPK (Case No. 12-81330), DE 259.  Plaintiff in Case No. 12-81330 has filed a timely Objection, and the moving Defendants have filed a Response.  See DE 9; DE 11.  Plaintiffs in Case No. 12-81329 have not filed objections to the Dismissal Order.  The Court has reviewed all pertinent filings and is otherwise fully advised in the premises.

---

    [1] In its prior Order withdrawing the reference of these cases to the Bankruptcy Court, this Court referred all dispositive pretrial motions to the Bankruptcy Court for a report and recommendation.  See Case No. 12-81329, DE 5 at 5-6; Case No. 12-81330, DE 6 at 5-6.

I.  **Background**

Plaintiff British American Insurance Company Limited ("BAICO"), a Carribean insurance company, and Plaintiff British American Isle of Venice (BVI) Limited ("Isle of Venice"), a wholly-owned subsidiary of BAICO, are foreign debtors in pending Chapter 15 bankruptcy proceedings.  On December 22, 2011, Plaintiffs filed two Adversary Complaints against several of Plaintiffs' former directors and other parties—including Green Island Holdings, LLC ("GIH") and Charles Pratt—who allegedly engaged in Florida real-estate transactions with Plaintiffs (collectively, "Defendants").  See Case No. 12-81329, DE 8-1; Case No. 12-81330, DE 10-1. Plaintiffs contend that these transactions were highly speculative and caused Plaintiffs to sustain huge losses, rendering them insolvent.  Plaintiffs' claims focus on a land investment in Osceola County, Florida, known as the "Green Island transaction." The Bankruptcy Court summarized this transaction as follows:

> [T]he Green Island transaction involved the acquisition by BAICO, through Isle of Venice, of an interest in approximately 6,000 acres of substantially undeveloped real estate in Florida.  BAICO caused its wholly-owned subsidiary, Isle of Venice, to purchase from GIH a 100% membership interest in Green Island Ventures, LLC ("Ventures").  Ventures was the owner of the real estate, which it acquired on the same day that Isle of Venice acquired ownership of Ventures.  After closing of the Green Island transaction, Ventures owned the real estate, Isle of Venice owned Ventures, and BAICO continued to own Isle of Venice.  Thus, BAICO became the indirect owner of the real estate.  In connection with the Green Island transaction, it is alleged that the Plaintiffs funded nearly $82 million in cash and obligated themselves on a $159 million mortgage to a prior owner of the real estate and on a purchase money note exceeding $56 million in favor of GIH.

Case No. 12-81329, DE 7-2 at 4-5; Case No. 12-81330, DE 8-2 at 4-5.

In their Adversary Complaints, Plaintiffs seek damages from the former directors for claimed breaches of fiduciary duty in connection with the property transactions. Plaintiffs also request damages against the non-director Defendants, including GIH and Pratt, for aiding and abetting the directors' breaches of fiduciary duty.  Further, Plaintiffs seek to rescind the Green Island transaction with GIH and to avoid as fraudulent transfers Plaintiffs' payments and debt obligations to GIH in that transaction.

GIH and Pratt have moved to dismiss three counts of each Adversary Complaint: Count II (aiding and abetting breach of fiduciary duties), Count III (rescission), and Count IV (fraudulent transfer).  See Case No. 12-81329, DE 8-2; Case No. 12-81330, DE 10-2.  Plaintiffs have filed Responses opposing the Motions.  See Case No. 12-81329, DE 8-3; Case No. 12-81330, DE 10-3.  The Bankruptcy Court has recommended dismissing the aiding-and-abetting claims against GIH and Pratt without prejudice, dismissing the rescission claims with prejudice, and otherwise denying the Motions.  See Case No. 12-81329, DE 7-2; Case No. 12-81330, DE 8-2.  BAICO has filed an Objection to the proposed dismissal of its rescission claim in Case No. 12-81330, and GIH and Pratt have responded to that Objection.  See DE 9, 11.  Plaintiffs have filed no objections to the Dismissal Order in Case No. 12-81329.

**II.     Discussion**

To withstand a motion to dismiss, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, the complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration, citations & internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (alteration in original)).

Here, the Bankruptcy Court determined that Isle of Venice's rescission claim in Adv. Case No. 11-03117 (Case No. 12-81329) was barred by prior judgments in a separate civil action that GIH brought against Isle of Venice after it defaulted on its promissory note in the Green Island transaction. See Green Island Holdings, LLC v. British American Isle of Venice (BVI), Ltd., Case No. 09-80207-CIV-MARRA/JOHNSON (S.D. Fla. filed Feb. 19, 2009).[2] Those judgments established that Isle of Venice's promissory note to GIH, as well as GIH's security interest in the note collateral (namely, Isle of Venice's 100% membership interest in Ventures), were valid and enforceable. See id., DE 75, 103, 104. The Bankruptcy Court explained that Isle of Venice's present rescission claim sought to rescind the same note and security agreement held enforceable in the prior action and that Isle of Venice had not timely asserted its rescission claim as a compulsory counterclaim in that action.[3]

---

[2] BAICO was originally named as a co-defendant in that case, but the claim against BAICO was later dismissed for improper venue.

[3] The Bankruptcy Court, however, rejected Defendants' arguments that the prior judgments also barred the other claims challenged in Defendants' Motions.

The Bankruptcy Court further concluded that BAICO's rescission claim in Adv. Case No. 11-03118 (Case No. 12-81330) failed on three separate grounds. First, the Bankruptcy Court found that BAICO had waived its right to seek rescission of the Green Island transaction—which closed about four years before BAICO filed its Adversary Complaint—by failing to timely notify GIH of the proposed rescission. Second, the Bankruptcy Court determined that GIH could not be restored to the pre-transaction *status quo ante* because the land it sold to Plaintiffs was lost to a third party through foreclosure, and that event was not caused by GIH's alleged wrongful conduct. Third, the Bankruptcy Court noted that BAICO did not lack an adequate remedy at law; to the contrary, BAICO had pleaded other legal claims, and because the property at issue was now owned by a third party, "it appears that BAICO's only avenues for relief are actions at law." Case No. 12-81329, DE 7-2 at 23; Case No. 12-81330, DE 8-2 at 23. The Bankruptcy Court therefore recommended that the rescission claims in both Adversary Complaints be dismissed with prejudice.

The Bankruptcy Court also found lacking Plaintiffs' claims for aiding and abetting breach of fiduciary duties. Stressing the general nature of Plaintiffs' allegations against GIH and Pratt, the Bankruptcy Court explained that the Adversary Complaints "fail to sufficiently allege that GIH and Mr. Pratt had knowledge that the former directors of Isle of Venice and BAICO were violating their fiduciary duty or that GIH or Mr. Pratt rendered substantial assistance to such directors in committing the wrongdoing." Case No. 12-81329, DE 7-2 at 18; Case No. 12-81330, DE 8-2 at 18. Thus, the Bankruptcy Court recommended that Plaintiffs' aiding-and-abetting claims against GIH and Pratt be dismissed with leave to amend.

Last, the Bankruptcy Court held that Plaintiffs had sufficiently alleged state-law claims for fraudulent transfer, based on the Green Island transaction that rendered Plaintiffs insolvent.  The Bankruptcy Court rejected Defendants' argument that Plaintiffs' fraudulent-transfer claims were foreclosed by estoppel due to BAICO's direction and approval of the transaction.  Accordingly, the Bankruptcy Court recommended allowing these claims to proceed.

After a careful review, this Court agrees with the Bankruptcy Court's recommendations concerning GIH and Pratt's Motions to Dismiss.  Although the Court has considered BAICO's Objection to dismissal of the rescission claim in Case No. 12-81330, the Court finds BAICO's arguments unavailing.  BAICO challenges all of the Bankruptcy Court's reasons for dismissing that claim with prejudice—failure to give timely notice of rescission, inability to restore the parties to the *status quo ante*, and existence of an adequate remedy at law.  At a minimum, however, BAICO's Adversary Complaint—which mainly seeks monetary relief for losses in the Green Island transaction—shows that BAICO has an adequate remedy at law and thus cannot pursue rescission.  See McElrath v. ABN AMRO Mortg. Grp., Inc., Case No. 11-62216-CIV-COHN/SELTZER, 2012 WL 463893, at *8 (S.D. Fla. Feb. 13, 2012) ("If Plaintiffs can replead their Complaint to state a claim for fraud in the inducement, and if damages are available to Plaintiffs based on those claims, then whether or not Plaintiffs ultimately succeed in their claims for damages, the Court may not grant them equitable relief in the form of rescission."); see also Punie v. Achong, 765 So. 2d 823, 824 (Fla. 4th DCA 2000) (affirming directed verdict against plaintiff on claim seeking to rescind sale of real property, because plaintiff "failed to meet her burden of pleading and

7

proving that she had no adequate remedy at law"); Collier v. Boney, 525 So. 2d 971, 972 (Fla. 1st DCA 1988) ("[A] fundamental requirement necessary for rescission of a contract is that the moving party has no adequate remedy at law.").

### III.   Conclusion

For the reasons discussed, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Bankruptcy Court's recommendations in its Order on Motions to Dismiss [Case No. 12-81329, DE 7-2; Case No. 12-81330, DE 8-2] are hereby **ADOPTED**;

2. Plaintiff British American Insurance Company Limited's Objection to Order on Motion to Dismiss [Case No. 12-81330, DE 9] is **OVERRULED**;

3. Count II of the Complaint in Adv. Case No. 11-03117 (Case No. 12-81329) is **DISMISSED without prejudice** as to Defendants Green Island Holdings, LLC, and Charles Pratt.  Plaintiffs are granted leave to amend that count by no later than 21 days after the entry of this Order;

4. Count III of the Complaint in Adv. Case No. 11-03117 (Case No. 12-81329) is **DISMISSED with prejudice**;

5. Except as provided above, Defendants Green Island Holdings, LLC's and Charles Pratt's Motion to Dismiss the Adversary Complaint [Case No. 12-81329, DE 8-2] is **DENIED**;

6. Count II of the Complaint in Adv. Case No. 11-03118 (Case No. 12-81330) is **DISMISSED without prejudice** as to Defendants Green Island Holdings, LLC, and Charles Pratt.  Plaintiff BAICO is granted leave to amend that count by no later than 21 days after the entry of this Order;

7.  Count III of the Complaint in Adv. Case No. 11-03118 (Case No. 12-81330) is **DISMISSED with prejudice**; and

8.  Except as provided above, Defendants Green Island Holdings, LLC's and Charles Pratt's Motion to Dismiss the Adversary Complaint [Case No. 12-81330, DE 10-2] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 12th day of April, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:

United States Bankruptcy Judge Erik P. Kimball

Counsel of record